# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

FRANKLIN FIRST FINANCIAL, LTD )
)
Plaintiff, )
)    CIVIL ACTION FILE
)
vs. )
)    NO. _____
)
)    **1:09-CV-3140**
GRADY L. BLAND, JR. D/B/A CANN )
RESOURCES, LLC )
)
Defendant. )
)    **TWT**
_____ )

*FILED IN CLERK'S OFFICE*
*U.S.D.C. Atlanta*

*NOV 10 2009*

*JAMES N. HATTEN, Clerk*
*By: _____ Deputy Clerk*

## COMPLAINT

COMES NOW, FRANKLIN FIRST FINANCIAL, LTD (hereinafter "Franklin First"), Plaintiff, and files this its Complaint against the Defendant Grady L. Bland, Jr., respectfully showing this Honorable Court as follows:

1.

Franklin First is a New York Corporation registered with the Georgia Secretary of State to do business in the State of Georgia.

{215776.0005\S0261164_1}

1

2.

Grady L. Bland, Jr. (hereinafter, "Mr. Bland") resides and may be served at 920

E. Ponce De Leon Avenue #R, Decatur, DeKalb County, Georgia 30030. Mr. Bland is

subject to the jurisdiction of this Court and venue is proper herein.

3.

Plaintiff asserts jurisdiction of this Court due to Diversity of Citizenship as

set forth in 28 U.S.C. § 1332. Complete diversity exists as Plaintiff is a New York

Corporation and Mr. Bland resides in the State of Georgia.

4.

The amount in controversy exceeds the statutory amount of Seventy-Five

Thousand and 00/100 Dollars ($75,000.00). Numerous counts independently have

losses in excess of Seventy-Five Thousand and 00/100 Dollars ($75,000.00). The

Court has pendent jurisdiction over the remaining counts.

5.

On each of the loans and properties relevant to each count, separate

independent appraisals were obtained from Defendant to justify Plaintiff making the

loans. Each count is a separate cause of action. The information related to the

specific properties is listed in the following paragraphs and each count includes a

separate and distinct claim for professional malpractice.

{215776.0005\S0261164_1}

## COUNT I
## PROFESSIONAL NEGLIGENCE AS TO PROPERTY LOCATED AT
## 1659 ROGERS AVENUE SW, ATLANTA, GEORIGA 30310

6.

Plaintiff re-alleges and incorporates by reference the foregoing Paragraphs 1 through 5 of its Complaint as if fully set forth herein.

7.

In or about August 2006 Mr. Bland contracted for and performed an appraisal of real property located at 1659 Rogers Avenue SW, Atlanta, Georgia 30310 (hereinafter, the "Rogers Avenue Property").

8.

Mr. Bland performed a written appraisal of the Rogers Avenue Property (hereinafter, the "Rogers Avenue Appraisal Report").

9.

Mr. Bland over valued the Rogers Avenue Property in the Appraisal Report.

10.

In justifiable reliance upon the Rogers Avenue Appraisal Report, Franklin First, on August 15, 2006, loaned the owner of the Rogers Avenue Property Two Hundred Fifty-Six Thousand and 00/100 Dollars ($256,000.00), taking a first position security interest in the Rogers Avenue Property as collateral.

{215776.0005\S0261164_1}

11.

The borrower on the loan defaulted, and the Property was foreclosed.

12.

The value of the Rogers Avenue Property is substantially less than both the appraised value and the initial loan amount of Two Hundred Fifty-Six Thousand and 00/100 Dollars ($256,000.00).

13.

Plaintiff has had a direct loss as a result of the high appraisal in an amount to be proven at trial.

14.

Plaintiff is claiming professional negligence against a licensed appraiser.

15.

At all times pertinent to this Complaint, Defendant was duly licensed to perform appraisals of real property in Georgia and, as such, Defendant was required to exercise a reasonable degree of care and skill in keeping with the standards of practice for real estate appraisers in the State of Georgia.

16.

Defendant has committed acts and/or omissions of professional negligence which are the actual and proximate cause of damages to Franklin First including, but not limited to, the following:

(a)    engaging in conduct, acts, and omissions below acceptable professional standards;

(b)    breaching his legal and fiduciary duties;

(c)    committing negligence;

(d)    breaching a warranty of competence and skill to perform properly real property appraisal services; and

(e)    committing acts and omissions of professional negligence which were the actual and proximate cause of damages to Franklin First.

17.

Franklin First is entitled to recover all actual losses including, but not limited to, both general and special compensatory damages, plus interest, consequential damages, and attorney's fees and costs for Defendant's professional malpractice.

## COUNT II
## PROFESSIONAL NEGLIGENCE AS TO PROPERTY LOCATED AT
## 1322 LORENZO DRIVE SW, ATLANTA, GEORGIA 30310

18.

{215776.0005\S0261164_1}

Plaintiff re-alleges and incorporates by reference the foregoing Paragraphs 1 through 18 of its Complaint as if fully set forth herein.

19.

In or about August 2006, Mr. Bland contracted for and performed an appraisal of real property located at 1322 Lorenzo Drive SW, Atlanta, Georgia 30310 (hereinafter, the "Lorenzo Drive Property").

20.

Mr. Bland performed a written appraisal of the Lorenzo Drive Property on or about August 11, 2006 (hereinafter, the "Lorenzo Drive Appraisal Report").

21.

Mr. Bland valued the Lorenzo Drive Property in the Appraisal Report at Two Hundred Fifty-Five Thousand and 00/100 Dollars ($255,000.00).

22.

In justifiable reliance upon the Lorenzo Drive Appraisal Report, Franklin First, on August 29, 2006, loaned the owner of the Lorenzo Drive Property Two Hundred Forty Thousand Three Hundred Fifty and 00/100 Dollars ($240,350.00), taking a first position security interest in the Lorenzo Drive Property as collateral.

{215776.0005\S0261164_1}

23.

The borrower on the loan defaulted, and Franklin First foreclosed on the Lorenzo Drive Property, by non-judicial foreclosure, in June 5, 2007.

24.

The value of the Lorenzo Drive Property is substantially less than both the appraised value of Two Hundred Fifty-Five Thousand and 00/100 Dollars ($255,000.00) and the initial loan amount of Two Hundred Forty Thousand Three Hundred Fifty and 00/100 Dollars ($240,350.00).

25.

On December 17, 2007, Plaintiff confirmed its foreclosure sale in the amount of One Hundred Forty-Three Thousand Three Hundred Seventy-One and 00/100 Dollars ($143,371.00).

26.

Plaintiff has had a direct loss as a result of the high appraisal in an amount to be proven at trial.

27.

Plaintiff is claiming professional negligence against a licensed appraiser.

28.

At all times pertinent to this Complaint, Defendant was duly licensed to perform appraisals of real property in Georgia and, as such, Defendant was required to exercise a reasonable degree of care and skill in keeping with the standards of practice for real estate appraisers in the State of Georgia.

29.

Defendant has committed acts and/or omissions of professional negligence which are the actual and proximate cause of damages to Franklin First including, but not limited to, the following:

(b)    engaging in conduct, acts, and omissions below acceptable professional standards;

(b)    breaching his legal and fiduciary duties;

(c)    committing negligence;

(e)    breaching a warranty of competence and skill to perform properly real property appraisal services; and

(f)    committing acts and omissions of professional negligence which were the actual and proximate cause of damages to Franklin First.

{215776.0005\S0261164_1}

30.

Franklin First is entitled to recover all actual losses including, but not limited to, both general and special compensatory damages, plus interest, consequential damages, and attorney's fees and costs for Defendant's professional malpractice.

## COUNT III
## PROFESSIONAL NEGLIGENCE AS TO PROPERTY LOCATED AT 814 AZALIA STREET, ATLANTA, GEORGIA 30310

31.

Plaintiff re-alleges and incorporates by reference the foregoing Paragraphs 1 through 43 of its Complaint as if fully set forth herein.

32.

In or about August 2006, Mr. Bland contracted for and performed an appraisal of real property located at 814 Azalia Street, Atlanta, Georgia 30310 (hereinafter, the "Azalia Street Property").

33.

Mr. Bland performed a written appraisal of the Azalia Street Property on or about August 15, 2006 (hereinafter, the "Azalia Street Appraisal Report").

34.

Mr. Bland valued the Azalia Street Property in the Appraisal Report at Three Hundred Twenty-Five Thousand and 00/100 Dollars ($325,000.00).

{215776.0005\S0261164_1}

9

35.

In justifiable reliance upon the Azalia Street Appraisal Report, Franklin First, on

September 11, 2006, loaned the owner of the Azalia Street Property Three Hundred

Four Thousand and 00/100 Dollars ($304,000.00), taking a first position security

interest in the Azalia Street as collateral.

36.

The borrower on the loan defaulted, and Franklin First foreclosed on the Azalia

Street Property, by non-judicial foreclosure, in June 2007.

37.

The value of the Azalia Street Property is substantially less than both the

appraised value of Three Hundred Twenty-Five Thousand and 00/100 Dollars

($325,000.00) and the initial loan amount of Three Hundred Four Thousand and

00/100 Dollars ($304,000.00).

38.

On December 17, 2007, Plaintiff confirmed its foreclosure sale in the amount

of One Hundred Seventy-Eight Thousand Five Hundred and 00/100 Dollars

($178,500.00).

39.

Plaintiff has had a direct loss as a result of the high appraisal in an amount to be proven at trial.

40.

Plaintiff is claiming professional negligence against a licensed appraiser.

41.

At all times pertinent to this Complaint, Defendant was duly licensed to perform appraisals of real property in Georgia and, as such, Defendant was required to exercise a reasonable degree of care and skill in keeping with the standards of practice for real estate appraisers in the State of Georgia.

42.

Defendant has committed acts and/or omissions of professional negligence which are the actual and proximate cause of damages to Franklin First including, but not limited to, the following:

    (c)    engaging in conduct, acts, and omissions below acceptable professional standards;

    (b)    breaching his legal and fiduciary duties;

    (c)    committing negligence;

(f)     breaching a warranty of competence and skill to perform properly real

property appraisal services; and

(g)     committing acts and omissions of professional negligence which were the

actual and proximate cause of damages to Franklin First.

43.

Franklin First is entitled to recover all actual losses including, but not limited to,

both general and special compensatory damages, plus interest, consequential damages,

and attorney's fees and costs for Defendant's professional malpractice.

## COUNT IV
## PROFESSIONAL NEGLIGENCE AS TO PROPERTY LOCATED AT
## 134 CHAPPELL ROAD, ATLANTA, GEORGIA 30315

44.

Plaintiff re-alleges and incorporates by reference the foregoing Paragraphs 1

through 5 of its Complaint as if fully set forth herein.

45.

In or about July 2006, Mr. Bland contracted for and performed an appraisal of

real property located at 134 Chappell Road, Atlanta, Georgia 30315 (hereinafter, the

"Chappell Road Property").

{215776.0005\S0261164_1}

46.

Mr. Bland performed a written appraisal of the Chappell Road Property on or about July 7, 2006 (hereinafter, the "Chappell Road Appraisal Report").

47.

Mr. Bland valued the Chappell Road Property in the Appraisal Report at Three Hundred Thousand and 00/100 Dollars ($300,000.00).

48.

In justifiable reliance upon the Chappell Road Appraisal Report, Franklin First, on July 31, 2006, loaned the owner of the Chappell Road Property Two Hundred Eighty-Two Thousand One Hundred Fifty and 00/100 Dollars ($282,150.00), taking a first position security interest in the Chappell Road Property as collateral.

49.

The borrower on the loan defaulted, and Franklin First foreclosed on the Chappell Road Property, by non-judicial foreclosure, in November 2007.

50.

The value of the Chappell Road Property is substantially less than both the appraised value of Three Hundred Thousand and 00/100 Dollars ($300,000.00) and the initial loan amount of Two Hundred Eighty-Two Thousand One Hundred Fifty and 00/100 Dollars ($282,150.00).

51.

On May 8, 2008, Plaintiff confirmed its foreclosure sale in the amount of

One Hundred Fifty-Two Thousand Five Hundred and 00/100 Dollars

($152,500.00).

52.

Plaintiff has had a direct loss as a result of the high appraisal in an amount to

be proven at trial.

53.

Plaintiff is claiming professional negligence against a licensed appraiser.

54.

At all times pertinent to this Complaint, Defendant was duly licensed to perform

appraisals of real property in Georgia and, as such, Defendant was required to exercise

a reasonable degree of care and skill in keeping with the standards of practice for real

estate appraisers in the State of Georgia.

55.

Defendant has committed acts and/or omissions of professional negligence

which are the actual and proximate cause of damages to Franklin First including, but

not limited to, the following:

{215776.0005\S0261164_1}

(d)     engaging in conduct, acts, and omissions below acceptable professional standards;

(b)     breaching his legal and fiduciary duties;

(c)     committing negligence;

(g)     breaching a warranty of competence and skill to perform properly real property appraisal services; and

(h)     committing acts and omissions of professional negligence which were the actual and proximate cause of damages to Franklin First.

56.

Franklin First is entitled to recover all actual losses including, but not limited to, both general and special compensatory damages, plus interest, consequential damages, and attorney's fees and costs for Defendant's professional malpractice.

WHEREFORE, Plaintiff Franklin First Financial, LTD prays for relief as follows:

(a)     That judgment be entered against Defendant on Counts I-IV for actual damages arising as a consequence of Defendant's actions or inactions in the form of general and special compensatory damages, interest, and Franklin First's attorney's fees and costs in an amount to be determined at trial for each separate and distinct count for professional malpractice; and

{215776.0005\S0261164_1}

15

(b)    For such other and further relief that this Court deems just and proper.

This __10th__ day of November, 2009.

Respectfully submitted,

PETER L. LUBLIN
Georgia State Bar No. 460461
BRIAN LINKOWSKI
Georgia State Bar No. 141403
ATTORNEYS FOR PLAINTIFF
FRANKLIN FIRST FINANCIAL, LTD

Rubin Lublin Suarez Serrano, LLC
3740 Davinci Court
Suite 100
Norcross, GA 30092
(770) 246-3333 (Telephone)
(404) 601-5415 (Facsimile)
plublin@rubinlublin.com

## FONT CERTIFICATION

The undersigned counsel for Plaintiff Franklin First Financial, LTD hereby certifies that the within and foregoing Complaint was prepared using Times New Roman 14-point font in accordance with LR 5.1(B).

This 10th day of November, 2009.

PETER L. LUBLIN
Georgia State Bar No. 460461
BRIAN LINKOWSKI
Georgia State Bar No. 141403
ATTORNEYS FOR PLAINTIFF
FRANKLIN FIRST FINANCIAL, LTD

Rubin Lublin Suarez Serrano, LLC
3740 Davinci Court
Suite 100
Norcross, GA 30092
(770) 246-3333 (Telephone)
(404) 601-5415 (Facsimile)
plublin@rubinlublin.com